ARACELIS DÍAZ CEBALLOS DE VELA, peticionaria, v. CORTE DE DISTRITO DE SAN JUAN, HON. JORGE L. CÓRDOVA, JUEZ, demandada.

Núm. 1234.—*Sometido:* Febrero 17, 1941. *Resuelto:* Febrero 20, 1941.

*Mariano Acosta Velarde* y *Federico Acosta Velarde,* abogados de la peticionaria; *Monserrat, De la Haba & Monserrat,* abogados del interventor, el tutor nombrado en el caso.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

La señorita Luisa María de Elzaburu y Ceballos fué declarada incapaz para regir su persona y sus bienes por resolución dictada por la Corte de Distrito de San Juan en 26 de marzo de 1928. Por la misma resolución se nombró como tutora de dicha joven a su tía carnal doña Luisa de Elzaburu Vizcarrondo, quien desempeñó la tutela hasta el 26 de octubre de 1940, día en que falleció en la ciudad de San Juan. En su testamento doña Luisa instituyó por su única y universal heredera de todos sus bienes a su sobrina y pupila incapacitada y designó como tutor a don Adolfo de Hostos, en primer término, y al Dr. Luis L. Biamón, en segundo término, para la guarda de los bienes dejados por la testadora a la incapacitada.

En noviembre 7 de 1940, la Corte de Distrito de San Juan, a instancia de la aquí peticionaria señora Aracelis Díaz Ceballos de Vela, nombró a ésta tutora y administradora de los bienes de su prima hermana Luisa María, la incapacitada. El 12 del mismo mes y dentro del mismo procedimiento comparecieron los señores de Hostos y Biamón, en su carácter de albaceas y tutores testamentarios de la incapaz, y radicaron una solicitud en la cual después de exponer los hechos que ya hemos relacionado, alegaron en síntesis lo siguiente:

(a) que la joven incapacitada carece de los parientes que señala el artículo 186 del Código Civil como aquellos a quienes corresponde la tutela por ministerio de la ley, y que en ese caso la tutela debe

deferirse por disposición del tribunal de conformidad con el artículo 194 del mismo código;

(*b*) que la tutora doña Aracelis Díaz y Ceballos no ha entrado aún en posesión de su cargo, y que si se sostuviese su nombramiento la incapaz tendría dos tutores, uno para la guarda de los bienes heredados de doña Luisa de Elzaburu y otro para la guarda de su persona y de sus bienes particulares, cuando por disposición del artículo 169 del Código Civil la tutela debe ejercerse por un solo tutor.

Y terminaban los albaceas y tutores testamentarios suplicando al tribunal que después de oírles a ellos y a la tutora dativa dictase la resolución "que a su juicio mejor convenga a los intereses de la incapacitada."

El mismo día en que fué radicada la solicitud de los albaceas y tutores testamentarios, el juez recurrido dictó una orden dejando sin efecto la de noviembre 7 de 1940, por la cual se nombró a la señora Díaz y Ceballos tutora dativa de la incapacitada, y por otra orden de igual fecha señaló para el día 22 de noviembre de 1940 la vista de la solicitud de los albaceas y tutores testamentarios y de la moción de la señora Díaz y Ceballos sobre nombramiento de tutor. Celebrada la vista en la fecha ya indicada, la corte de distrito dictó en 13 de enero de 1941 una resolución nombrando a don Adolfo de Hostos tutor de la incapacitada, para hacerse cargo de su persona y bienes, con todas las facultades que la ley confiere a los tutores. Para la revisión de dicha resolución, con súplica de que la misma sea revocada y se la nombre tutora en lugar del señor De Hostos, la señora Aracelis Díaz y Ceballos inició el presente recurso de *certiorari*.

El primer alegado error de procedimiento que se imputa a la corte inferior es el de no haber aplicado los preceptos del artículo 175 del Código Civil (ed. 1930), el cual, según alega la peticionaria, requiere el nombramiento de un tutor que no sea el testamentario, para que acepte o repudie la herencia a nombre de la incapaz, no surtiendo efecto el nombramiento del tutor testamentario hasta que la herencia

haya sido aceptada. El artículo que se dice infringido lee así:

"Artículo 175.—También el que les deje herencia o legado de importancia a los menores o incapacitados, puede nombrarles tutor para la administración de dichos bienes. El nombramiento, sin embargo, no surtirá efecto hasta que la herencia o el legado haya sido aceptado por el padre, la madre o el tutor del menor, con la aprobación de la corte de distrito competente."

El artículo 207 del Código Civil español, que es el equivalente al 175 del nuestro, dispone que el nombramiento de tutor testamentario "no surtirá efecto hasta que el Consejo de familia haya resuelto aceptar la herencia o legado."

No encontramos en el citado artículo 175, ni tampoco en los artículos 167 y 168 del mismo Código, citados por la peticionaria, disposición alguna que prohiba a la corte de distrito designar para el cargo de tutor de la persona y de los bienes propios de la incapacitada, a la misma persona designada por la testadora para administrar los bienes dejádosle por ella como herencia. Tampoco hemos podido encontrar razón alguna—y la peticionaria no ha aducido ninguna— para convencernos de que pueda existir incompatibilidad entre el cargo de tutor testamentario y el de tutor dativo. Es cierto que el tutor dativo es el llamado a aceptar la herencia a nombre de la incapacitada y que el nombramiento como tutor testamentario no puede tener efecto hasta que la herencia haya sido aceptada; pero eso no puede ser considerado como una incompatibilidad, si se tiene en cuenta que la aceptación de la herencia por el tutor dativo no puede tener efecto mientras no haya sido aprobada por la corte. Y debemos presumir que el tutor dativo no tendrá interés en recomendar, ni la corte aprobará, la aceptación de una herencia onerosa para la incapacitada. Además, el tutor necesita autorización judicial para aceptar la herencia sin beneficio de inventario o para repudiarla. Artículo 212 del Código Civil.

La alegación de la peticionaria de que los artículos 167 y 168 del Código Civil (ed. 1930) ''hacen mandatorio el nombramiento de un tutor para la guarda de la persona y bienes propios de la incapaz, independientemente del tutor testamentario,'' no está sostenida ni por la letra del estatuto ni por autoridad alguna que haya sido sometida a nuestra consideración. El primero de dichos artículos se limita a definir el objeto de la tutela y el segundo a enumerar las personas sujetas a tutela.

Entre las disposiciones generales del Código Civil aplicables a la tutela dativa figura el artículo 169 (artículo 201 del Código español) que dispone que ''la tutela se ejercerá por un solo tutor.'' El mandato legislativo es tan claro, que seguramente la corte de distrito no estaría facultada para nombrar dos o más tutores para un solo menor o incapacitado.

La Ley de Partidas admitió la pluralidad de tutores que ejercieran sus cargos conjuntamente, pero teniendo en cuenta las discordias que surgían entre ellos dispuso que se eligiera entre los designados uno solo que desempeñara la guadaduría. El Código Civil es más radical aún, y para impedir las desavenencias entre los tutores dispone que sólo admite la tutela ejercida por un solo tutor.

En sus comentarios el artículo 201 del Código español (tomo 4, págs. 140–141), dice Scaevola:

''...La generalidad de los códigos extranjeros consignan preceptos análogos, y es porque todos ellos se inspiran en procurar que los intereses del menor estén garantidos no tan sólo por medios materiales, como, v. gr., la fianza, sino también por seguridades de otro orden, como son la rectitud del tutor, su conducta ajustada a las normas de una severa administración, su cuidado, todo dirigido hacia el mayor provecho en favor del confiado a su guarda y de ninguna manera distraído en rencillas y cuestiones con otros que pudieran disputarle el predominio... He aquí la razón de que todos los Códigos vacíen un artículo en la común turquesa de la unidad de la función tutelar... En nuestra opinión, deberá procurarse que rija la unidad siempre que sea compatible con las disposiciones del Código.''

Al designar para el cargo de tutor al señor De Hostos, la misma persona designada por la tía y tutora de la incapacitada para administrar los bienes de la herencia, la corte recurrida tuvo en cuenta sin duda alguna la conveniencia de depositar en una sola persona todas las funciones y responsabilidades tutelares. La designación del señor De Hostos es a nuestro juicio compatible con las disposiciones del Código Civil. Tan pronto como entre en el desempeño de su cargo de tutor dativo, él podrá aceptar, con la aprobación de la corte de distrito, la herencia que corresponde a la incapacitada bajo el testamento de su difunta tía. Desde ese momento, su nombramiento como tutor testamentario surtirá efecto y quedarán reunidas en una sola persona todas las funciones tutelares para la guarda de la persona y de todos los bienes de la incapacitada Luisa María de Elzaburu y Ceballos.

La corte inferior tenía amplia facultad y discreción para dictar la resolución recurrida, y a nuestro juicio usó debidamente de ambas. Pudo dentro de su discreción haber designado tutora a la peticionaria, persona a quien consideramos capacitada para el cargo que solicita, y si lo hubiese hecho así, hubiésemos respetado su resolución en ausencia de hechos demostrativos de un abuso de discreción.

La circunstancia de ser la peticionaria prima hermana de la incapacitada y de tener, según alega, el derecho a sucederla ab intestato no da a la peticionaria un derecho absoluto a que se le confiera la tutela. El artículo 181 del Código Civil (ed. 1930) dispone solamente que la declaración de incapacidad de los locos y sordomudos pueden solicitarla el cónyuge y los parientes del presunto incapaz que tengan derecho a sucederle ab intestato, pero dicho artículo no impone a la corte la obligación de conceder la tutela a dichos parientes. La única prelación existente para reclamar la tutela de los locos o sordomudos es la que establece el artículo 186 del Código Civil (ed. 1930) en favor del cónyuge, los padres, los hijos, los abuelos y los hermanos. En de-

fecto de una de esas personas, como ocurre en el caso de autos, el tribunal debe nombrar una persona de reconocida probidad. Así lo dispone el artículo 194 del mismo Código Civil y así lo hizo la corte recurrida. Ésta pudo—pero no estaba obligada a ello por precepto legal alguno—nombrar a la peticionaria. Creyó más conveniente para los intereses de la menor elegir a una persona que además de ser de probidad reconocida es la misma elegida por la tía testadora, que amó y cuidó a la incapacitada cual si fuera su madre, hasta el día de su muerte. Manresa en el tomo 2, pág. 260, dice:

"Nosotros creemos que el espíritu del Código, claramente manifestado en varios artículos, y aun en el mismo 231, abona en el caso expuesto la preferencia del tutor testamentario, y la razón señala también esa preferencia nacida del cariño y previsión que debe suponerse en los padres al designar tutor para sus hijos. Nada importa que el nombramiento se hiciere para el caso de la menor edad, no previendo el testador el caso de incapacidad. La Ley debe presumir que al llegar a este caso la voluntad de ese padre o testador, será siempre preferida la persona designada por él mejor que a otra cualquiera más o menos extraña designada por la Ley o por el Consejo de Familia."

No existiendo razón o motivo legal alguno que justifique nuestra intervención y opinando que la corte inferior procedió correctamente dentro de la discreción que la ley le concede, resolvemos que *debe anularse el auto expedido y desestimarse la petición, con imposición de costas a la peticionaria.*